## FULLERTON et al. v. GOODWIN.

No. 18996.   Opinion Filed Jan. 29, 1929.

Rehearing Denied Oct. 1, 1929.

E. C. Fitzgerald, for plaintiffs in error.

E. G. Avery and D. H. Cotten, for defendant in error.

LESTER, V. C. J.   The parties appear in this court in the reverse order to that in the district court, and will be referred to as they appeared there.

The plaintiff brought an action against S. C. Fullerton and G. N. Holt for damages alleged to have occurred by reason of the carelessness and negligence on the part of the defendant in injuring the automobile of the plaintiff.   Trial was had to the court and jury, and the plaintiff recovered the sum of $66.

The evidence shows that G. N. Holt was driving the automobile of S. C. Fullerton, that defendant was engaged in the dairy business, and that Holt was delivering milk for and on behalf of the said S. C. Fullerton.

The accident occurred at an intersection of two streets in the city of Miami, Okla.

The defendant claimed that under the ordinances of the city of Miami he had the right of way.   Plaintiff claimed that, although the defendant, under the ordinance of said city, may have had the right of way, yet the defendant carelessly and negligently ran into the plaintiff's car, thereby damaging the same; that the defendant, without difficulty, had sufficient room to avoid striking plaintiff's car.

A diagram showing the streets and the point where the plaintiff's car was struck was introduced in the evidence and contained in the record.

The jury, after hearing the evidence, returned its verdict in favor of the plaintiff in the amount hereinbefore indicated.

We have examined all the evidence introduced at the trial of the case, and we think it sufficient to sustain the judgment.

The defendant contends that the following instruction given by the court to the jury was erroneous and prejudicial in that it was not sufficient to define primary negligence, if any, on part of the defendant:

"The plaintiff alleges in his petition that the defendants were negligent in the following particulars, that is to say, that on the day and date in question and while said plaintiff was driving his automobile in a proper manner along Third avenue northwest in the city of Miami, and as said plaintiff approached the intersection of said avenue with B. street, and after said plaintiff had observed the approach, towards said intersection from the south, the truck then being driven by the defendant, Holt, and after said plaintiff had steered or directed his car to the north or left side of the street upon which he was then driving in order to give said defendant ample room to turn at said intersection in either direction, said defendant, Holt, carelessly and negligently turned his car into and against the automobile of and driven by plaintiff, thereby forcing or throwing said plaintiff's car upon and against the street curb, resulting in the damages complained of.   If you find and believe from that which you regard and accept as the fair weight and preponderance of the evidence in this case that such allegations and theories of the plaintiff are sustained and that the negligence of the defendant driver, Holt, was, as alleged, the direct and proximate cause of the collision complained of, and the resulting damages, if any, to the plaintiff, as alleged, and further find that at said time, that said plaintiff was without negligence on his part which caused or contributed to said collision and damages, then your verdict should be for the plaintiff in this case in such sum as you find from the evidence will reasonably compensate him for all damages suffered, not to exceed, however, the sum sued for, to wit, $150."

If this instruction stood alone, it might be subject to the complaint of the defendants, but we have examined the several instructions of the court upon the different facts and theories presented by the evidence

of the plaintiff and defendants, and find that the said instructions fairly and sufficiently state the law of the case.

Judgment is affirmed.

HUNT, CLARK, RILEY, HEFNER, SWINDALL, and ANDREWS, JJ., concur.